**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MAYA BEAUDETTE,
               Appellant,

       v.

DEPARTMENT OF HOMELAND
   SECURITY,
               Agency.

DOCKET NUMBER
SF-315H-17-0634-I-1

DATE: July 15, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Maya Beaudette</u>, Las Vegas, Nevada, pro se.

<u>Michael L. Gurnee</u>, Esquire, Centennial, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. The administrative judge also dismissed the appellant's Veterans Employment Opportunities Act of 1998 (VEOA), Uniformed Services Employment and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Reemployment Rights Act of 1994 (USERRA) (codified as amended at 38 U.S.C. §§ 4301-4335), equal employment opportunity (EEO) reprisal, discrimination, and other prohibited personnel practice claims for lack of jurisdiction.

¶2        On review, the appellant reargues that she is a career tenured employee with Board appeal rights and submits argument and evidence challenging the merits of her termination.  Petition for Review (PFR) File, Tab 2 at 11-14, 16-42.  She further claims that the Board has jurisdiction over her VEOA appeal concerning her nonselection for positions because she exhausted her administrative remedies with the Department of Labor (DOL), as reflected in four DOL closure letters, which she submits for the first time on review.  PFR File, Tab 1 at 4-5, Tab 4 at 4-11.  She also alleges that she is a "whistle blower," discusses matters related to her EEO complaint, and alleges that the agency "did not honor [the] union agreement."[2]  PFR File, Tab 1 at 5, Tab 2 at 4-5, 11.

¶3        Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of

---

[2] For the first time on review, the appellant also alleges that the agency terminated her for partisan political reasons.  PFR File, Tab 2 at 12; *see* 5 C.F.R. § 315.806(a)-(b) (providing for limited Board jurisdiction over such claims).  However, her allegation that her termination was due to her affiliation with a group that is "pro Muslim, Pro immigrant anti Neo-Nazi" [sic] is insufficient to meet her jurisdictional burden.  PFR File, Tab 2 at 12.  To show that the Board has jurisdiction because an agency terminated an appointee for partisan political reasons, an appellant must provide supporting facts to show that the allegation is not merely a pro forma pleading.  *Smirne v. Department of Army*, 115 M.S.P.R. 51, ¶ 8 (2010).  The appellant has not alleged any specific facts concerning her claim and thus has not met her jurisdictional burden.

Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's claim of Board jurisdiction over her VEOA and whistleblower reprisal claims, we AFFIRM the initial decision.

¶4       As to the appellant's VEOA claim concerning her nonselection for agency vacancies, it is undisputed that she is a 10-point preference eligible. Initial Appeal File (IAF), Tab 6 at 15, Tab 7 at 27. The administrative judge dismissed her claim for lack of jurisdiction because she failed to allege that she exhausted her administrative remedies with DOL.[3] IAF, Tab 10, Initial Decision (ID) at 8; *see Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶ 13 (2012) (explaining that, to establish Board jurisdiction over a VEOA appeal, the appellant must show that he exhausted his remedy with DOL, among other requirements). We find that the DOL closure letters, which are dated after the issuance of the initial decision, are new and material evidence under 5 C.F.R. § 1201.115(d). By submitting DOL's letters stating the results of its investigation into complaints asserting the appellant's veterans preference rights were violated, she has satisfied the exhaustion requirement. *See Gingery*, 119 M.S.P.R. 43, ¶ 15.

¶5       We nevertheless deny corrective action. DOL declined to investigate the VEOA complaints because they were not filed with DOL within the 60-day filing deadline. PFR File, Tab 4 at 4-11; *see* 5 U.S.C. § 3330a(a)(2)(A) (explaining that a VEOA complaint must be filed within the 60 days following the alleged violation). The 60-day filing deadline is subject to equitable tolling, which, if

---

[3] The appellant filed a separate VEOA claim concerning a different nonselection. *Beaudette v. Department of Homeland Security*, MSPB Docket No. SF-3330-18-0181-I-1, Initial Decision at 2 (Apr. 23, 2018). The administrative judge issued an initial decision in that appeal, granting corrective action. *Id.* at 1, 10.

applicable, may allow the Board to review the appeal. *Gingery*, 119 M.S.P.R. 43, ¶ 17. The appellant argued equitable tolling should apply because she relied on the agency's determination that she was ineligible for the positions at issue. IAF, Tab 6 at 10. This argument goes to the merits of the appellant's VEOA claim and does not explain why she did not meet the filing deadline. Similarly, the appellant's assertion that she was unaware of her right to file a VEOA complaint, PFR File, Tab 4 at 4, is not a sufficient reason to equitably toll the filing deadline, *Gingery*, 119 M.S.P.R. 43, ¶¶ 17-18 (explaining that equitable tolling is applied sparingly, such as when the appellant has actively pursued his remedies by filing a defective pleading during the statutory period or been "induced or tricked" by an agency representative into filing late (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). When an appellant files an untimely DOL complaint and equitable tolling does not apply, the request for corrective action must be denied for failure to meet the 60-day time limit. *Gingery*, 119 M.S.P.R. 43, ¶ 16 n.3. We therefore deny the appellant's request for corrective action under VEOA based on her failure to meet the time limit for filing a complaint with DOL.

¶6       Regarding the appellant's whistleblower reprisal claim, PFR File Tab 1 at 5; IAF, Tab 6 at 8, 17, she has not raised it in connection with an otherwise appealable action because the Board lacks jurisdiction over her probationary termination for the reasons explained by the administrative judge in the initial decision, which we have affirmed above. ID at 3-6. Thus, for the Board to review that claim, the appellant must satisfy the jurisdictional requirements of an individual right of action (IRA) appeal. *See Neice v. Department of Homeland Security*, 105 M.S.P.R. 211, ¶¶ 13-14 (2007) (finding that, although the Board lacked jurisdiction over the appellant's resignation as an otherwise appealable action, the Board would consider any whistleblower reprisal claims that satisfied the jurisdictional requirements of an IRA appeal). To establish Board jurisdiction over an IRA appeal, the appellant must have exhausted her administrative

remedies before the Office of Special Counsel and make nonfrivolous allegations of the following: (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(a); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). The appellant has not made that necessary showing.

¶7    However, the administrative judge did not notify the appellant of the jurisdictional requirements for an IRA appeal in any of his orders or the initial decision; the agency's response did not cure that defect. The appellant must receive explicit information on what is required to establish Board jurisdiction before dismissing a claim for lack of jurisdiction.[4] *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Accordingly, we FORWARD the appellant's whistleblowing allegation to the Board's Western Regional Office for docketing as an IRA appeal and further adjudication in accordance with this Order.

¶8    The appellant has filed a union grievance over her termination; however, she asserted that the agency refused to arbitrate her claim. IAF, Tab 7 at 5, 13; PFR File, Tab 2 at 5. The filing of that grievance may affect her right to pursue her whistleblower reprisal claim in another forum. *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 17-18 (2015) (explaining that, if

---

[4] Even if the appellant establishes Board jurisdiction over her whistleblower reprisal claims, under these circumstances, it would not provide a basis for reviewing her EEO reprisal claims or allegations that the agency violated the applicable collective bargaining agreement. *See Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶ 6 n.1 (2014) (finding that the Board does not have jurisdiction over the appellant's claims of harmful procedural error and EEO retaliation in the context of an IRA appeal); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (holding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

made knowingly and voluntarily, an appellant's election first to file, as applicable here, either a grievance or an OSC complaint, potentially followed by an IRA appeal, is a binding election of that remedy), *clarified on other grounds by Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 30-31 (2016). Accordingly, upon docketing of the IRA appeal, the administrative judge should address this election of remedies issue.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.